Mont. LBF 19. CHAPTER 13 PLAN.
[Mont. LBR 9009-1(b)]

Juliane E. Lore (Bar ID # 9786)
LORE LAW FIRM PLLC
3201 Hesper Rd., Ste. 5
Billings, MT 59102
Tel.: (406) 206-0144
E-Mail: juliane@lorelaw.us

*Attorney for Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| IN RE:<br><br>CHRISTOPHER DOLL and<br>DIANA INDRE DOLL<br><br>Debtors. | Case No. 19-60515-13-BPH<br><br>**CHAPTER 13 PLAN**<br>**DATED JUNE 6, 2019** |
|---|---|

**To Debtors**: In the following notice to creditors, you must check each box that applies.

**To Creditors**: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.

|     | X   | This Plan contains non-standard provisions in paragraph 11. |
|-----|-----|-------------------------------------------------------------|
|     | No  |                                                             |

|     | X   | This Plan limits the amount of secured claims in paragraph 2(b) which may |
|-----|-----|----------------------------------------------------------------------------|
| Yes | No  | result in a partial payment or no payment at all to the secured creditor.  |

|     | X   | This Plan avoids a security interest or lien in paragraph 11. |
|-----|-----|---------------------------------------------------------------|
| Yes | No  |                                                               |

**1. FUTURE EARNINGS/INCOME.** The future earnings and other income of the Debtor is submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor(s) shall pay to the Trustee the sum of **$200.00** each month for a term of **60** months, or until all of the provisions of this Plan have been

completed. The Debtor shall make payments to the Trustee by wage withholding from his employer. Plan payments shall commence within thirty (30) days following the filing of the petition.

**2** **PAYMENTS/DISBURSEMENTS.** From the payments so received, the Trustee shall make disbursements as follows:

(a) **Administrative Claims.** The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor(s) attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor(s) counsel estimates that total attorney fees and costs for representation of Debtor(s) (excluding the fee for filing the Debtor(s) petition) will be as follows:

| | | |
|---|---|---|
| Estimated total attorney fees: | | $4000.00 * |
| Estimated total costs | + | $0 |
| | = | $0 |
| Less retainer: | - | $1500.00 |

TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN: $2500.00

\* If this figure differs from the Disclosure of Compensation originally filed by the Debtor(s) attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in Fed. R. Bankr. P. 2016(b).

(b) **Impaired Secured Claims.** After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Claim Number | Allowed Secured Claim * | Rate of % |
|---|---|---|---|
| | | | |

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c) **Unimpaired Secured Claims.** The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Description of Collateral |
|---|---|
| | |

| | |
|---|---|
| FIRST INTERSTATE BANK | DEBTOR'S HOMESTEAD RESIDENCE |
| FIRST INTERSTATE BANK | 2011 HONDA CRV |
| FIRST INTERSTATE BANK | 2014 TYM TRACTOR |
| FIRST INTERSTATE BANK | 2000 XTM TRAILER |
| JP MORGAN CHASE | 2018 SUBARU CROSSTEX |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Claim No.** | **Amount of Arrearage** |
|---|---|---|

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

(d) **Domestic Support Obligations.** After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| **Creditor** | **Claim No.** | **Claim Amount** |
|---|---|---|
| NA | | |

(e) **Priority Claims.** After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

(f) **General Unsecured Claims.** After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

(g) **Liquidation Analysis.** The total amount distributed under paragraphs 2(d), (e) and (f) above will be at least $ **10,000.00**  , which exceeds what would be available to pay unsecured claims if the Debtor(s) estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. **REJECTION OF CONTRACTS OR LEASES.** The Debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to

such contracts or leases:

| **Type of Agreement** | **Date of Agreement** | **Other Party to Contract** |
|---|---|---|

All other executory contracts and unexpired leases shall be affirmed.

   **4. SURRENDER OF PROPERTY.**  The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim.  In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules. Upon confirmation, the stay that arose under 11 U.S.C. § 362 and 11 U.S.C. § 1301 immediately terminates without further order. The termination does not authorize actions for personal liability or property not surrendered.

| **Secured Creditor** | **Description of Collateral** |
|---|---|

   **5. POSTPETITION SECURED DEBT:**  The Debtor(s) reserves the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor(s) performance under this Plan.

   **6. REPORT OF CHANGES IN INCOME:**  The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of 10% per month to the Trustee.

   **7. DECLARATIONS:**  Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of this Plan.

   **8. VESTING OF PROPERTY OF THE ESTATE.** Property of the estate shall revest in the Debtor(s) upon (Check the applicable box):

   __ Plan confirmation.
   **X** Closing of the case.
   __Other: _____

   **9. PREVIOUS BANKRUPTCIES, AND DISCHARGE:**  (Check one)

   _ Debtor(s) is not eligible for a discharge of debts because the Debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

   **X** Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

**10** **INCOME TAX REFUNDS:** Debtor(s), within 14 days of filing the return, will supply the Trustee with a copy of each tax return filed during the Plan term and will (Check one):

_ ___ Retain any tax refunds received during the Plan term and has included them in Debtor(s) budget.

X ___ Turn over to the Trustee all income tax refunds received during the plan term.

_____ Turn over to the Trustee a portion of any income tax refunds received during the Plan term as specified below.

**10. NON STANDARD PLAN PROVISIONS.**

_ None.

If "None" is checked, the rest of Paragraph 11 need not be completed or reproduced. Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below.

**These Plan provisions will be effective only if the applicable box on Page 1 of this Plan is checked.**

**11. CERTIFICATION.** No changes have been made to the form required by Montana Local Bankruptcy Rules except those referenced in Paragraph 11 and the Debtor(s) is not seeking confirmation of any provision not allowed under the Federal Rules of Bankruptcy Procedure.

DATED this 6th day of June, 2019.

/s/ Christopher Doll
Debtor, CHRISTOPHER DOLL

/s/ Diana Indre Doll
Debtor, DIANA INDRE DOLL

/s/ Juliane E. Lore_____
Attorney for Debtors

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on the 4th day of June, 2019, a copy of the foregoing CHAPTER 13 PLAN DATED June 6, 2019 was served by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or by pre-paid USPS mail on the following parties:

First Interstate Bank
104 S. Wolcott Street
P.O. Box 40
Casper, WY 82602

First Interstate Bank
2850 Old Hardin Rd.
Billings, MT 59101

JP Morgan Chase Bank
P.O. Box 901098
Fort Worth, TX 76101

Illinois Department of Revenue
P.O. Box 19004
Springfield, IL 62794

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Montana Department of Revenue
P.O. Box 7701
Helena, MT 59604-7701

American Medical Response
50 South Main Streeet  Ste 401
Akron, OH 44308

Amplify Funding
P.O. Box 542
Lac Du Flambeau, WI 54538

Beartooth Clinic
2525 N Broadway Ave
Red Lodge, MT 59068

Big Picture Loans
E 23970 Pow Wow Trail
Watersmeet, MI 49969

Capital One
11013 W. Broad St.
Glen Allen, VA 23060

/s/ Juliane E. Lore
**For Lore Law Firm, PLLC**